## Glahn v. Woolbert

*Edward D. Morgan*, for plaintiff.
*Arthur L. Piccone*, for defendant.

PINOLA, P. J., January 18, 1963.—Plaintiff brought an action in assumpsit to recover a balance alleged to

be due on a contract for the installation of a heating plant in a dwelling of defendant.

Defendant has filed preliminary objections alleging that the complaint is vague, confusing, uncertain, and fails to state a cause of action.

All must be sustained.

In paragraph 3 of the complaint, plaintiff avers that he installed a heating system in the home of defendant and "did perform for the defendant certain work requested by the defendant and did supply labor and material for the said work pursuant to an oral contract between the plaintiff and defendant as evidenced by statement attached hereto . . . . marked Exhibit 'A'."

The so-called statement is nothing but a bill charging a lump sum of $840 for the installation of the heating system and giving credit for two payments, the one of $79.77 and another of $400, leaving a balance due of $340.23. Also indicated on the statement is a charge for radiation on the Dallas job of $20.23 and a charge for extra material in the Forty Fort job of $38, both of which plaintiff says were paid.

There is nothing in this bill which gives any information concerning the alleged contract.

In paragraph 4, plaintiff states:

"The prices charged for the same are just and reasonable and are the prices which defendant promised to pay plaintiff therefor."

There are no items given of either labor performed or material furnished and there are no charges for the same, reasonable or unreasonable.

If the installation of the heating system was for a fixed amount, that is one thing. If, however, it was a contract requiring the payment for labor and materials that is quite another.

To maintain an action for breach of contract, plaintiff must, in his complaint, state all the elements of a

cause of action ex contractu, and show his right to sue on the cause of action alleged.

The complaint must show the existence of the contract alleged to have been breached, and the important specifications thereof: 8 P. L. Encyc. 364, §325.

Where the contract is not a single one, the complaint must set forth the time, place and details of an oral contract for work to be done, as well as a subsequent oral agreement to pay for the work and materials. It must set forth the materials furnished and the hours of labor worked: Zerbe v. Fulton, 8 Cumb. 85.

In 3 Standard Pa. Prac., §121, p. 257, it is clearly stated:

"If the contract is oral, the substance, at least, of what was said and agreed to should be averred in the complaint—that is, it should state the terms of the alleged contract. The spirit of the Practice Acts, and now the Rules, plainly require that every contract or agreement upon which the plaintiff's claim depends, even if in parol, be averred in the complaint, and that this be done in such a manner as to give the defendant full and specific information of all its details. . . . This is necessary in order that the defendant may determine whether to admit or to deny it in whole or in part, thereby avoiding trial entirely, or reduce his trouble and expense by clearly defining and limiting the issues of fact to be determined. The complaint should, in such case, contain clear and accurate disclosure of the precise terms of the contract, rather than leave it a matter of inference as to what the defendant's obligations were . . ."

Under the circumstances, we enter the following

*Order*

Now, January 18, 1963, the preliminary objections are sustained and plaintiff is required to file an amended complaint within 20 days from the date hereof.